

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                          Opinion No. 0-4125
                                   Re: Compensation of first assis-
                                       tant and second assistant county
                                       school superintendents.

        We have received your letter of October 15, 1941,
in which you enclose three letters from Mr. H. C. Hinton,
County Superintendent of El Paso County.

        We quote first from Mr. Hinton's letter of October
11, 1941, and second from his letter of October 13, 1941, as
follows:

        1. "Now the first question is, may we legally
pay $2,000.00 from the County Administration Fund
to the first assistant and may the Commissioners'
Court in accordance with the above Act pay $520.00
from that fund which will make the first assistant's
salary $2520.00 which he is now receiving. I am
asking would this violate H. B. 364 or Chapter 148,
Acts 41st Legislature pertaining to El Paso County?

        "The second question is, may we pay $1,200.00
to the second assistant from the County Administra-
tion Fund in accordance with H. B. 364 or Chapter
148, Acts 41st Legislature (provided we pay no
other salaries from this fund) and may the Commis-
sioners' Court pay her $180.00 in accordance with
Chapter 148, Acts 41st Legislature, Regular Session
without violating either law?"

        2. "Please supplement that letter (above quoted
letter) by the following statement and so advise the
attorney general.

        "That the part of the salary for the assistants
mentioned in my letter paid in accordance with Chap-
ter 148, is to be paid direct by the Commissioners'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Court rather than through this office. For
example, the schools will pay Erin Bibby
$1,200.00 for 10½ months and the Commissioners'
Court will pay her in accordance with the laws
above, $180.00 for 1½ months."

That part of House Bill 364, Acts 1941, 47th
Legislature, R. S. (Article 2700-1, Vernon's Annotated Civil
Statutes), which is pertinent to your inquiry is quoted as
follows:

". . .The compensation herein provided for
shall be paid monthly upon the order of the County
School Trustees; provided that the salary for the
month of September shall not be paid until the
County Superintendent presents a receipt from the
State Superintendent showing that he has made all
reports required of him. The County Superintendent
with the approval and the confirmation of the
County Board of Education may employ a competent
assistant to the County Superintendent at a salary
not to exceed Two Thousand Dollars ($2,000.00) and
may also employ such other assistants as necessary
provided the aggregate amount of the salaries of
such other assistants shall not exceed Twelve
Hundred Dollars ($1200) annually; and the County
Board of Education may make further provisions
as it deems necessary for office and traveling
expenses of the County Superintendent; provided
that expenditures for office and traveling ex-
penses of the County Superintendent shall not be
less than Three Hundred Dollars ($300) and not
more than Eight Hundred Dollars ($800) per annum,
such expense shall first be proven by affidavit
therefor, and said Board is hereby authorized to
fix the salary of such assistants and pay same
out of the same funds from which the salary and
expenses of the County Superintendent are paid."

Section 2 of Senate Bill 268, Chapter 148, Acts
41st Leg. R. S. provides as follows:

"Sec. 2. In making the annual per capita
apportionment to the schools of the Counties
having a population of not less than 100,000

and not more than 150,000 the County School Trustees shall also make and annual allowance out of the State and County Available Funds for the payment of the salary of the Superintendent of Public Instruction not less than $2,800.00 nor more than $3,800.00 and the Commissioners' Courts of the Counties having a population of not less than 100,000 nor more than 150,000 may expend out of the general fund of said counties any sums not exceeding the sum of $1200 per annum to defray the expenses incurred by said County Superintendent which said sum or any part thereof shall be paid by said Commissioners upon certificate of said Superintendent that the expenses have been incurred in the discharge of his duties as such Superintendent."

Without passing upon the validity of Senate Bill 268, we deem it sufficient to say that it is not applicable to the matters about which you inquire. Senate Bill 268 deals only with the salary and expenses of the county superintendent, while you ask about the salaries of the first and second assistants to the county superintendent which are fixed by House Bill 364.

On September 10, 1941, this department rendered Opinion No. 0-3345 to Honorable Ernest Guinn, County Attorney of El Paso County, which we quote in part as follows:

"We concur with your opinion that House Bill No. 364 places an absolute limitation upon the amount that may be paid for salaries of assistants. The Act plainly provides that one assistant to the county superintendent may be paid an annual salary not to exceed Two Thousand Dollars ($2000). The Act also plainly provides that such other assistants as necessary may be employed, but that the aggregate amount of the salaries of such other assistants shall not exceed the total sum of Twelve Hundred Dollars ($1200) annually. It follows that the first assistant may be paid not to exceed Two Thousand Dollars ($2,000) per annum as salary, and that not more than Twelve Hundred Dollars ($1200) in the aggregate may be expended for the annual

Honorable T. M. Trimble, First Assistant, page 4

salaries for such additional assistance as
may be required and authorized."

It follows that both your first and second ques-
tions are answered in the negative.

You will notice from that part of House Bill 364
which we have quoted that the compensation provided therein
shall be paid monthly. We are, therefore, of the opinion
that the monthly payment should be one-twelfth (1/12) of the
annual salary specified therein, and that a payment in excess
of such amount would be unauthorized.

We now quote from Mr. Hinton's second letter of
October 13, 1941, as follows:

"Today the County Board employed Miss
Dorothy Scaife as elementary supervisor in this
county in accordance with H. B. 364. They em-
ployed her for 7 months beginning November 1st
for 7 months at a salary of 7/9 of $2,000.00 to
be paid monthly. That is, she was employed for
7 months to receive $222.22 per month. Miss
Scaife must attend summer school next summer
and therefore is not eligible to work full time
during the summer months. Please secure from
the Attorney General and wire if we may employ
Miss Scaife for 7 months at 7/9 of $2,000.00
in accordance with the above facts and in ac-
cordance with H. B. 364.

"If the Attorney General advises that we
can not employ Miss Scaife as above mentioned,
please ask him for an opinion as to whether they
may employ her for 10 months beginning November
1st and pay her 10/12 of $2000.00, same to be
paid monthly but at the same time have it under-
stood with Miss Scaife that she may attend school
for 12 weeks during the summer of 1942."

Section 2 of House Bill 364 provides as follows:

"Sec. 2 The County Superintendent of Public
Instruction may, with the approval of the County
Board of Education, employ one or more school
supervisors to assist in planning, outlining,

and supervising the work of the Public Free
Schools in the county which is under the
supervision of the County Superintendent of
Public Instruction. Said supervisor or
supervisors shall at all times work under
the supervision and direction of the County
Superintendent of Public Instruction, as
other assistants are required to do, and
must have evidence of proficiency in rural
school supervision and must be the holder of
at least a Bachelor of Science Degree or
higher. Such supervisor or supervisors may
receive a salary of not to exceed Two Thous-
and Dollars ($2,000) per annum, to be paid
out of the same funds and in the same manner
as that of the County Superintendent of Pub-
lic Instruction and other assistants."

It is seen that the salary of the supervisor is to
be paid in the same manner as that of the county superintendent
and other assistants; in other words, it is to be payable month-
ly.

House Bill 364 does not require that assistants or
supervisors be employed for a specific period of time. It
merely provides for their employment and fixes their maximum
compensation. We believe that if it is determined that a
supervisor is needed for a period of time less than a year,
such supervisor may be employed for that period of time. But
he is entitled to a monthly salary of no more than one-twelfth
(1/12) of $2,000.00, and he cannot be employed and paid for
a period of time longer than the time he will act as super-
visor and perform such duties as such.

It is asked in Mr. Hinton's letter whether the
county board may employ a supervisor for ten months, beginning
November 1, 1941, and pay her 10/12 of $2000, with the under-
standing that she may attend school for 12 weeks during the
summer of 1942. We assume that she would not act as super-
visor during the time that she attended school.

The eighth, ninth, and tenth months of the contract would be June, July, and August. The twelve weeks of summer school would include part, if not all, of June, all of July, and part of August, and during this time she would not be acting as supervisor. It is our opinion that under the statute she may not be paid for any of the time that she is not acting as supervisor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks

George W. Sparks
Assistant

GWS:eah


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN